In re JOHN MAROON PRODUCE,
INC., Debtor,

v.

FIRST EASTERN BANK, Petitioner.

Bankruptcy No. 5–90–01306.

United States Bankruptcy Court,
M.D. Pennsylvania,
Wilkes–Barre Division.

Oct. 8, 1992.

John R. O'Brien, Scranton, PA, for First Eastern Bank, petitioner.

Robert A. Cecchini, Dunmore, PA, for debtor.

## OPINION

JOHN J. THOMAS, Bankruptcy Judge.

Before the Court is the involuntary petition of First Eastern Bank requesting that an Order for Relief be entered against the Debtor under Chapter 7 of Title 11 of the United States Code. The First Eastern Bank (hereinafter "bank") alleges that it holds an unsecured claim against the Debtor, not contingent as to liability and not subject to a bona fide dispute amounting in the aggregate to at least Five Thousand Dollars ($5,000). The bank further alleges that there are fewer than twelve holders of any claims against the Debtor.

The Debtor controverted the petition denying that the bank was owed at least Five Thousand Dollars ($5,000) and admitting that there were fewer than twelve creditors at the corporation.

The petition was filed November 20, 1990. On May 8, 1992 a stipulation was filed between the parties wherein it was agreed that "in lieu of the taking of testimony of witnesses at the trial of this matter, the deposition of Stephen M. Karsnak taken on February 24, 1992 shall be submitted on behalf of First Eastern Bank and the deposition of Patricia Maroon, also taken on February 24, 1992 shall be submitted on behalf of John Maroon Produce, Inc."

Accordingly, we have before this Court the said depositions together with the briefs of Counsel.

The facts can be summarized as follows: On or about December 31, 1985 John Maroon, as president of John Maroon Produce Company, Inc. executed a Twenty–Five Thousand Dollar ($25,000) note in favor of First Eastern Bank payable monthly beginning January 31, 1986. On December 14, 1984 John Maroon, individually executed a

note in the amount of One Hundred Twenty–Thousand Five Hundred Dollars ($120,500) payable to the First Eastern Bank payable monthly beginning January 14, 1985. Various periodic payments on these accounts were made from the checking account of John Maroon Produce Company, Inc. to the order of First Eastern Bank in varying amounts.

On April 17, 1986 John Maroon died and his business affairs were taken over by his step-daughter Patricia Maroon who continued to make payments to the First Eastern Bank on a periodic basis in varying amounts.

Patricia Maroon's deposition indicated that prior to the death of John Maroon she had no significant prior experience with the business and paid these loans from the corporate account as she received statements from the bank. It was her impression that both of the loans were business loans.

The bank officer who testified at deposition, Stephen Karsnak, indicated that the bank's application of these funds resulted in the personal loans being reduced and the corporate loan being reduced to the sum of Seven Thousand Six Hundred Forty–Five Dollars and Fifteen Cents ($7,645.15) principal and a then current interest due of Two Thousand Seven Hundred Twenty–Eight Dollars and Seventy Two Cents ($2,728.72).

The Debtor alleges that these corporate checks should have been first earmarked to reduce the corporate obligation which necessarily would have resulted in those debts being completely paid off before the payments were applied to the individual obligations. Debtor's witness testified that she had no idea there was a distinction between the corporate and the individual account and had she known that, she would have consulted with counsel.

The issue here is whether under 11 U.S.C. Section 303(b) there is a debt owing the petitioning creditor that exceeds Five Thousand Dollars ($5,000) that is not in bona fide dispute.

This Court concludes that the burden of coming forward with evidence of a bona fide dispute is on the Debtor. *In re Garland Coal and Mining Co.* 67 B.R. 514 (Bkrtcy.W.D.Ark.). Such a dispute would normally be evidenced by letters, telephonic messages, litigations and resulting counter-claims. We have none of these to consider. We have a course of conduct on behalf of the Debtor's principal, Patricia Maroon, evidencing that for a significant period of time invoices were received and payments made. More than sufficient opportunities were provided to register a question as to the inappropriate application of funds. No evidence of a preexisting dispute has been presented to this Court.

Our disposition of this matter is controlled by the Third Circuit case of *B.D.W. Associates Inc. vs. Busy Beaver Building Centers Inc.*, 865 F.2d 65 (3rd Cir.1989). The Third Circuit cited with approval the case of *In re Lough*, 57 B.R. 993 which stated that "If there is a genuine issue of a material fact that bears upon the Debtor's liability, or a meritorious contention as to the application of law to undisputed facts, then the petition must be dismissed." Id. at page 997.

This Court finds that there is no genuine issue of a material fact with regard to the testimony elicited at the depositions.

The exhibits attached to the deposition of Stephen Karsnak identify various loan transactions between First Eastern Bank and John Maroon individually, John Maroon Produce, and John Maroon Produce, Inc. Various checks were written on the John Maroon Produce Company, Inc. account payable to First Eastern Bank, for the most part without any notation thereon. If these checks were all applied to the corporate debt, there would be no doubt that the corporate debt would have been reduced to zero. The bank, however, did not apply these payments solely to the corporate debt. Rather, the bank distributed the credits to the various loans. Which resulted in the corporate debt having the loan status as indicated previously.

It is the Debtor's position that the bank should have applied these corporate checks that had no specific designation written thereon to the corporate debt first and thus

352

there would have been no debt. This "issue" allegedly constitutes the "bona fide dispute" necessary for me to deny the petition.

On the other hand, the testimony forces me to conclude otherwise. The cross-examination of Patricia Maroon substantiates that the customary bank practice was followed in this case i.e. each payment check received by the bank was credited to the account of the stub which accompanied it. If Patricia Maroon erred in not paying the corporate account it was an error created by her own failure to inquire as to who the obligors were on the various loans.

In support of their position the Debtor advanced the case of *In Re Lough,* 57 B.R. 993 (Bkrtcy.E.D.Mich.1986). Although the factual background was similar inasmuch as the bank in the cited case applied debt payments in a manner inconsistent with the desire of the debtor, in *Lough* there was a genuine issue as to whether the bank was given instructions as to how to apply the proceeds at issue. *In re Lough* Id. at page 997. In this case, there is no such issue. The bank practice was that the customer would direct the application of payments by utilizing an accompanying invoice stub (Karsnak deposition page 61). The debtor acknowledges sending payments together with the said invoice stub (Maroon deposition page 22 & 23). The odd dollar amounts on the checks identified as Exhibit A, being copies of the payment checks received by the bank, substantiates circumstantially that these checks were written in response to a bill presumably in a specific account.

There not being a "genuine issue of a material fact" bearing upon the debtors liability nor a "meritorious contention" as to the application of any law to these undisputed facts, the petition of the First Eastern Bank must be granted.